IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KENNETH D. VOSS, | ) | 8:18CV119 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| STATE OF NEBRASKA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On March 12, 2018, Kenneth D. Voss, proceeding pro se, filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446. (Filing No. 1.) Attached to the Notice of Removal is a copy of a criminal citation and complaint filed against Voss in the County Court of Keya Paha County, Nebraska, on or about September 1, 2017, for a traffic violation. (Filing No. 1 at CM/ECF p. 3.) An Order to Appear in Court attached to Plaintiff's Notice of Removal indicates that Voss's criminal case in Keya Paha County is Case No. TR 17-70.

The clerk of this court docketed the Notice of Removal as a civil complaint filed pursuant to 42 U.S.C. § 1983 (*i.e.*, a civil rights action). On March 15, 2018, the court directed Voss to pay the $400.00 filing and administrative fees or request to proceed in forma pauperis ("IFP") within 30 days, in the absence of which this case would be dismissed without further notice. (Filing No. 4.) As of this date, Voss has not paid the fees or filed an IFP request. Therefore, to the extent that the Notice of Removal may be construed as a civil complaint, it will be dismissed without prejudice for failing to comply with the court's previous order.

It appears, however, that Voss may be attempting to remove his state criminal case to this court pursuant to 28 U.S.C. §§ 1443 and 1455. A filing fee is not required for the removal of a state criminal prosecution to federal court. See *Lefton v. City of Hattiesburg*, 333 F.2d 280, 285 (5th Cir. 1964).

A defendant who wishes to remove a criminal prosecution from a state court must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." 28 U.S.C. § 1455(a). In addition, "[a] notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant . . . leave to file the notice at a later time." 28 U.S.C. § 1455(b)(1). Further, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

The federal statute governing the removal of criminal prosecutions from state court to federal court states, in relevant part:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . .

28 U.S.C. § 1443.

To demonstrate that removal is proper under § 1443(1), a defendant "must show that he relies upon a law providing for equal civil rights stated in terms of racial equality." *Neal v. Wilson*, 112 F.3d 351, 355 (8th Cir. 1997). Stated differently, "the right denied defendant must be one that arises under a federal law that provides for specific civil rights stated in terms of racial equality," and "the defendant must be unable to or be denied the opportunity to enforce these specified federal rights in the

courts of the state in question." *Conrad v. Robinson*, 871 F.2d 612, 614-15 (6th Cir. 1989) (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)).

Here, Voss does not allege he was denied any civil rights on racial grounds or under a federal equal-rights law. Indeed, Voss fails to allege any facts to explain why he believes removal would be proper.

IT IS THEREFORE ORDERED:

1. To the extent Voss's Notice of Removal may be construed as a civil complaint, it is dismissed without prejudice for failure to pay required filing and administrative fees or to request to proceed in forma pauperis within the time prescribed by the court.

2. To the extent Voss is requesting removal of his state criminal case to this court, his request is denied and this case is remanded to the County Court of Keya Paha County, Nebraska.

3. Judgment shall be entered by separate document and the clerk of the court shall close this file for statistical purposes.

4. The clerk of the court shall send a copy of this Memorandum and Order and of the Judgment to the Clerk of the County Court of Keya Paha County, Nebraska.

DATED this 20th day of April, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge